UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADLA D.H. ANGELINA                                                                                      PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:14cv789-DPJ-FKB

UNIVERSITY OF MISSISSIPPI                                                                       DEFENDANT
MEDICAL CENTER

ORDER

This Title VII case is before the Court on Defendant University of Mississippi Medical Center's ("UMMC") Motion to Dismiss [8].  Because Plaintiff failed to timely file a charge of discrimination with the EEOC, Defendant's motion is granted.

I.     Facts and Procedural History

Plaintiff Adla Angelina, a Brazilian-Palestinian female, signed a one-year employment contract with UMMC on August 6, 2012.  On March 20, 2013, Angelina's supervisor notified her that UMMC would not renew her contract after June 30, 2013, and immediately placed her on paid administrative leave until that date.  Believing that her religion and national origin motivated the decision, Angelina filed a formal Charge of Discrimination with the EEOC, asserting discrimination under Title VII.  She filed this suit after receiving a standard right-to-sue notice.

UMMC has now moved to dismiss [8], asserting that Angelina's Charge of Discrimination was untimely and that she therefore failed to exhaust administrative remedies.  Angelina filed a short Response [14] to which UMMC replied [16].  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.	Standard

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Ordinarily, a court should limit its Rule 12(b)(6) review to the contents of the pleadings, including "documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (internal quotation marks omitted). But the Court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). The EEOC documents [14-5] attached to Plaintiff's response are matters of public record, so the Court will take judicial notice of them when considering UMMC's motion.[1] *Prewitt v. Cont.'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex.

---

[1]The remaining documents Angelina submitted, including her own affidavit, are not properly before the Court on a motion under Rule 12(b)(6). The Court declines to convert the motion to one for summary judgment under Rule 12(d) and will consider only those items appropriate at the Rule 12(b)(6) stage.

2013) (collecting cases).

Finally, in this case, UMMC asserts that dismissal is proper because Angelina's claims are time-barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

III.   Analysis

To bring a Title VII claim, a plaintiff alleging discrimination in employment must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "Generally, when an employment discrimination charge is untimely filed with the EEOC . . . , a suit based upon the untimely charge should be dismissed." *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013) (per curiam).

In this case, the parties agree that the 180-day period began the day Angelina learned UMMC had terminated her employment—March 20, 2013. *See Hartz v. Adm'rs of the Tulane Educ. Fund*, 275 F. App'x 281, 287 (5th Cir. 2008) (per curiam) ("[T]he operative date from which the limitations period begins to run is the date of notice of the adverse action, not the date that the adverse action takes effect."). So Angelina had 180 days from March 20, 2013—or until September 16, 2013—to file a charge of discrimination with the EEOC.

In her Complaint, Angelina states that she "timely filed a Charge of Discrimination with the EEOC, a true and correct copy of the EEOC charge is attached hereto as Exhibit 'A.'" Compl. [1] ¶ 5. But the charge attached to the Complaint is dated October 15, 2013—nearly one month after the 180-day period expired. Therefore, the Complaint, as currently drafted, fails to

3

state a claim upon which relief may be granted.

This finding does not, however, end the inquiry, because a court granting dismissal under Rule 12(b)(6) "should not do so without granting leave to amend, unless the defect is simply incurable." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Here, Angelina offers two arguments for avoiding ultimate dismissal. First, she now claims that another "charge" preceded her October 15, 2013 Charge of Discrimination. Second, she alternatively seeks equitable tolling. Neither argument prevails.

    A.    Charge of Discrimination

Angelina asserts that on the final day of the 180-day period, she sent a facsimile to the EEOC that constitutes a timely charge. *See* Pl.'s Resp. [15] Ex. A. That correspondence describes the alleged discrimination and provides other basic information the EEOC requires. *See generally* 29 C.F.R. § 1601.12(a). The question is whether the correspondence meets the statutory and regulatory requirements for making a "charge."

The parties agree that *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), controls this issue. There, the United States Supreme Court concluded that documents other than the EEOC's official Charge of Discrimination form could constitute a "charge" for purposes of timely administrative exhaustion under the ADEA. But the Court also held that not all communications with the EEOC will constitute a "charge." In particular, it is not enough to merely satisfy 29 C.F.R. § 1626.6. *Id.* at 401–02. That regulation—like its Title VII counterparts—states that a "charge shall be in writing and name the prospective respondent and shall generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6; *see also id.* §§ 1601.9, 1601.12 (a)(3) (requiring same for Title VII). As the *Holowecki* Court explained:

> *In addition to* the information required by the regulations, *i.e.*, *an allegation* and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

*Holowecki*, 552 U.S. at 402 (emphasis added).

Courts applying this test must examine the filings "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.* And because the plaintiff in *Holowecki* expressly requested agency action, the Court construed her submissions as a "charge," though she never filed a formal Charge of Discrimination. *Id.* at 405.[2]

Turning then to Angelina's sixteen-page facsimile to the EEOC, she does provide basic intake information and describes the facts "constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). But she provided nothing "[i]n addition to" this information. Nowhere in her submission does Angelina request any action or otherwise "activate [the EEOC's] machinery and remedial processes." *Holowecki*, 552 U.S. at 402. She likewise failed to describe discrimination "so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required." *Id.* at 405.

Though the Fifth Circuit has not examined similar facts under the *Holowecki* test, district courts within the circuit have found that such correspondence fails to satisfy the charge

---

[2]*Holowecki* notes that the request-for-action requirement is not clearly stated in the regulations but is consistent with the EEOC's construction of its regulations and with the fact that charges do not automatically follow from the receipt of allegations. *Id.* at 405. To the extent the standard remains oblique, the *Holowecki* Court observed that the EEOC could clarify the requirement by "adopt[ing] a standard giving more guidance to filers, making it clear that the request to act *must* be stated in *quite explicit terms*." *Id.* at 403 (emphasis added).

5

requirements.  *See, e.g.*, *Rich v. Sam's Town Hotel & Gambling Hall*, No. 2:12CV070-SA-SAA, 2013 WL 486285, at *1–2 (N.D. Miss. Feb. 7, 2013); *Nadesan v. Tex. Oncology PA*, No. 2:10-CV-239-J, 2011 WL 147570, at *3–5 (N.D. Tex. Jan. 18, 2011); *Asongwe v. Wash. Mut. Card Servs. & Subsidiaries*, No. 3:09-CV-0668-G (BH) ECF, 2009 WL 2337558, at *3 (N.D. Tex. July 29, 2009); *Evenson v. Sprint/United Mgmt. Co.*, No. 3:08-CV-0759-D, 2008 WL 4107524, at *7 (N.D. Tex. Aug. 21, 2008).  The Court agrees and concludes that Angelina failed to timely exhaust her administrative remedies.

B.  Equitable Tolling

Angelina alternatively argues that the time for filing her charge should be equitably tolled.  The Fifth Circuit has "identified three potential bases for equitable tolling:  (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting [her] claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about [her] rights."  *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003).

Angelina pursues the third basis for equitable tolling, insisting the delay is attributable to the EEOC for two reasons.  First, when the EEOC prepared the Charge of Discrimination form that Angelina filed on October 15, 2013, it listed the latest date of discrimination as June 30, 2013, which would make her October 15, 2013 Charge of Discrimination timely.  Second, Angelina observes that the federal government was shut down between October 1, 2013 and October 16, 2013.

Neither of these events equitably tolls her claim, because both occurred after the expiration of the limitations period.  Angelina waited until September 16, 2013, to fax her

information to the EEOC.  This was the 180th day of the 180-day limitation period.  So by the time the "misleading" events occurred, her claim was already time barred.  *See Manning*, 332 F.3d at 881 (holding that equitable tolling exists only when "incorrect information . . . leads the individual to file an untimely charge" (emphasis deleted)).  And in any event, the Complaint itself fails to "raise some basis for tolling or the like." *Jones*, 339 F.3d at 366.  Angelina failed to file a timely charge.

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant University of Mississippi Medical Center's Motion to Dismiss [8] is granted, and Plaintiff's claims are dismissed with prejudice.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE